# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JAMES RYAN BOYD,

    Plaintiff,

    v.                                           Civil Action 2:17-cv-1003
                                                Chief Judge Edmund A. Sargus, Jr.
                                                Magistrate Judge Jolson

CHILLICOTHE CORRECTIONAL
INSTITUTION, et al,

    Defendants.

## REPORT AND RECOMMENDATION
## AND ORDER

Plaintiff James Ryan Boyd, a *pro se* prisoner, brings this action against the Chillicothe Correctional Institution, as well as Warden Charlotte Jenkins, the Warden's Assistant "Ms. Hamilton," mail room employee Sandra Furniss, and Sgt. Simmons. (*See* Doc. 1-1). This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (*see* Docs. 1, 3) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). However, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

## I.    LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## I. BACKGROUND

Plaintiff's claims relate to nude photographs he received in the mail, several of which were withheld by prison staff. More specifically, Plaintiff alleges that on September 11, 2017, twenty photos depicting the "nudist lifestyle" were mailed to him from Acme Publications. (Doc. 1-1 at 4). Of those photos, nine were delivered to Plaintiff, "along with a Notice of withholding for one photo containing 'male genitalia' not in a state of arousal." (*Id.*).

On September 12, 2017, Plaintiff states that he was called to Sergeant Steinbeck's office (who is not a Defendant in this case), for a conduct report hearing for violation of "mail rules" and "written prison rules." (*Id.*). Plaintiff alleges that he asked to see the "Mail Rule" that he supposedly violated, but Sergeant Steinbeck was unable to provide a rule at that time, nor was one provided at two subsequent hearings between September 12, 2017 and September 15, 2017.

(*Id.*). Plaintiff's case was then referred to the Rule Infraction Board. (*Id.*).

According to Plaintiff, the Rule Infraction Board held a hearing on September 27, 2017, and found:

> [Plaintiff] guilty of violating rules 54 and 61 because he admitted to ordering the pictures. This was done without having any actual rule violation presented to him and with a sitting body, Sgt. Simmons stating "Leave them fucking kids alone" showing her prejudice towards Plaintiff denying his Fourteenth Amendment Rights to due process by having a bias body on hearing as well as being unable and knowingly so, of showing which rule was violated.

(*Id.*). Plaintiff states he "was then punished" with the loss of telephone and email privileges for thirty days, and the loss of three commissary privileges. (*Id.*).

Plaintiff also alleges that he filed an Informal Complaint on September 15, 2017, regarding the withholding of the other ten photos, for which he did not receive a withholding form. (*Id.*). The response to the Informal Complaint explained that pursuant to policy "75-MAL-02," prison staff was directed to handle the photos as minor contraband. (*Id.*). Plaintiff acknowledges that he received "a correct notice of withholding form DRC4147 [] for the [other] 10 photos" that were withheld, on September 28, 2017. (*Id.*). The withholding form indicated, as did the institution's response to Plaintiff's Informal Complaint, that "staff ha[s] been directed to follow policy 75-MAL-02, [and] handle these items as minor contraband." (*Id.*). Plaintiff admits that while "75-MAL-02" is the proper procedure for "nude photographs," his photographs do not meet the definition of nude photographs because they are commercially produced and distributed. (*Id.*).

According to Plaintiff, on September 29, 2017, Warden Charlotte Jenkins' assistant Ms. Hamilton affirmed the Rule Infraction Board decision. (*Id.* at 5). Plaintiff once again alleges he was denied his due process because he was not provided with the rule that he violated at that time and the facts were ignored. (*Id.*).

At base, Plaintiff appears to be arguing that his due process rights were violated during the hearing proceedings and that he is being punished by the institution for the exercise of his First Amendment right to receive protected material. (*Id.* at 2–5). Plaintiff "seeks a declaration that the actions are unconstitutional, as well as preliminary and permanent injunctive relief of current and future acts by Defendant and monetary relief of all cost incurred by this filing," pursuant to 42 U.S.C. §1983. (*Id.* at 1). Plaintiff also asks that Defendants remove the conduct report from Plaintiff's Institutional record. (*Id.* at 6).

## II. DISCUSSION

### A. Due Process Claims

Plaintiff alleges that he was denied due process because he was not provided with the rule that he violated. However, Plaintiff acknowledges that he was told he violated the Ohio Department of Rehabilitation and Corrections policy "75-MAL-02" regarding nude photographs. (Doc. 1-1 at 5). Indeed, Plaintiff admits that he was told that under "75-MAL-02, staff had been directed to handle the photographs in questions as minor contraband. Plaintiff even included the text of the rule:

> As used in this policy, the term "nude photographs" refers to snapshots, photos, photocopied or digitally produced pictures, etc. of an adult, child, or infant who is nude or partially nude above or below the waist and is displaying breast, buttocks, or genitals. It does not include magazines, calendars, or other professionally produced materials intended for commercial distribution. Such commercial materials do remain subject to review under the procedures for withholding printed materials.

(*Id.* at 3 (citing Ohio DRC 75-MAL-02)). Further, Plaintiff included the text of an additional rule explaining that nude photographs can in fact be handled as minor contraband:

> 1. Nude personal photographs may be handled as minor contraband pursuant to AR 5120-9-55, Contraband, without the necessity of screening pursuant to AR 5120-9-19(c), Printed Material.

4

2. Material that does not meet the definition of "nude personal photographs" is subject to review and withholding pursuant to AR 5120-9-19(c), Printed Material.

(*Id.*). Ohio Administrative Code 5120-9-19(c), which Plaintiff relies on, explains that "Printed Material is excludable if it is deemed to be detrimental to, or to pose a threat to the rehabilitation of inmates," an example of which is "sexually explicit material."

Thus, to the extent Plaintiff's allegations claim that he was unaware of what rule he was violating, his Complaint says otherwise. Plaintiff was told which rule he violated and provided the text of the rule to this Court. Further, Plaintiff acknowledges that he received the correct notice of withholding form DRC 4147, and it appears he had several hearings regarding the photographs in question. Moreover, that Plaintiff felt "biased" by the disciplinary process and his hearing is not a cognizable due process claim because his ultimate punishment was simply the loss of telephone, email, and commissary privileges. *See e.g.*, *Moe v. N.Nevada Corr. Ctr.*, No. 3:14-CV-00689, 2015 WL 2448845, at *3 (D. Nev. May 21, 2015) (holding that no due process protections apply unless the result of the hearing is a punishment that impairs a constitutionally cognizable liberty interest as defined in *Sandin v. Connor*, 515 U.S. 472 (1995)); *Carrigan-Terrell v. Mohr*, No. 2:12-CV-0215, 2012 WL 936634, at *2 (S.D. Ohio Mar. 20, 2012) (holding that an inmate is not entitled to due process of law at a disciplinary hearing unless the conditions of confinement result in "atypical and significant hardship" (relying on *Sandin*, 515 U.S. 472)).

Finally, it is unclear if Plaintiff is alleging issues with the informal complaint that he filed, but such a claim is not cognizable. *Harris v. Sowers*, No. 2:16-CV-888, 2016 WL 6680918, at *2 (S.D. Ohio Nov. 14, 2016) (holding that "an inmate has no constitutionally protected right to an effective grievance procedure") (citing *Walker v. Michigan Dep't. of Corr.*,

5

128 F. App'x 441, 445 (6th Cir. 2005)); *see also Morin v. Erway*, No. 12-15406, 2013 WL 1875998, at *7 (E.D. Mich. May 3, 2013) ("Because an inmate does not have a federal constitutional right to have a prison grievance acted upon, an official's alleged failure to process an inmate's grievances, without more, is not actionable under Section 1983.").

### B. First Amendment Retaliation Claim

Plaintiff also alleges that he is being punished by the institution for the exercise of his First Amendment right to receive protected material in the form of being denied the use of email, telephone, and commissary privileges. (Doc. 1-1). "Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution." *Flakes v. Brown*, No. 1:16-CV-418, 2016 WL 3536671, at *11 (W.D. Mich. June 29, 2016) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:

> (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.

*E.g.*, *id.* at *11 (citing *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001).

Here, Plaintiff has not adequately pled the third element, as he has failed to allege that his imposed punishments were motivated, at least in part, by his decision to order the photographs. In fact, of the twenty photos Plaintiff ordered, he received nine of them, demonstrating that the institution was not punishing Plaintiff for ordering these types of pictures. Instead, Plaintiff was found guilty in a prison disciplinary hearing for violating prison mail policies as to the other eleven photographs, which were classified as "minor contraband" under prison guidelines. The punishment imposed on Plaintiff based on his prison disciplinary hearing is not adequate

evidence to establish a retaliation claim. *See Rodriguez v. Uhrig*, No. 2:16-cv-302, 2016 WL 1572871, at *5 ("If an inmate is found guilty in a prison disciplinary hearing, the inmate 'cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction.'") (quoting *McMillan v. Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005)).

Further, Plaintiff fails to plead any factual allegations from which the Court could plausibly infer that Defendants retaliated against Plaintiff. *See Walker v. Mohr*, No. 2:16-CV-769, 2017 WL 398418, at *6 (S.D. Ohio Jan. 30, 2017). Plaintiff instead offers conclusory allegations. Plaintiff states that he was "punished for the attempted exercising of his First Amendment right" and that "evidence will show Defendant's total disregard . . . as to the few constitutional rights still left to prisoners by the United States Supreme Court and district courts. (Doc. 1-1 at 45). "These types of naked assertions, devoid of further factual enhancement, are insufficient to state a plausible claim to relief." *Walker*, 2017 WL 398418, at *6; *see also Williams v. Michigan Dep't of Corr.*, No. 2:16-CV-221, 2016 WL 6542742, at *7 (W.D. Mich. Nov. 4, 2016) ("[A]lleging merely the ultimate fact of retaliation is insufficient. . . [C]onclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state...a claim under § 1983.") (internal quotations and citations omitted).

1. **CONCLUSION**

For the reasons stated, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED.**

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

7

supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: December 22, 2017                                               /s/ Kimberly A. Jolson
                                                                                KIMBERLY A. JOLSON
                                                                                UNITED STATES MAGISTRATE JUDGE