# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JAMES RYAN BOYD,

    **Plaintiff,**

v.

CHILLICOTHE CORRECTIONAL
INSTITUTION, et al.,

    **Defendants.**

Case No. 2:17-cv-1003
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiff James Ryan Boyd's Objection (ECF No. 9) to the United States Magistrate Judge's Report and Recommendation (ECF No. 8) recommending that the Court dismiss Plaintiff's claims. For the following reasons, the Court **OVERRULES IN PART** and **SUSTAINS IN PART** Plaintiff's Objection.

### I.

**A.    Factual Background**

Plaintiff, a prisoner at Chillicothe Correctional Institution (CCI), received twenty "Nudist Lifestyle" photographs from Acme Publications on September 11, 2017. (Compl. at 4, ECF No. 7.) Plaintiff contends that these photographs complied with the institution's mail policy because they were commercially produced and distributed and not "nude personal photographs." (*See id.* at 3–4, 22.) CCI, however, allegedly withheld eleven of the photographs. (*Id.* at 4.) Plaintiff received a "Notice of withholding [form DRC 4147] for one photo containing 'male genitalia' not in a state of arousal"; he received "form DRC 4225" for the other ten photographs. (*Id.*) The next day, Plaintiff "was called to Sgt. Steinbeck's office for a conduct report hearing for violation of 'Mail Rules' and 'Written prison rules.'" (*Id.*)

The Rule Infraction Board (RIB) held a hearing on September 27, 2017, and found that Plaintiff had violated two prison rules. (Compl. at 4.) According to Plaintiff, the RIB found him guilty of the rule violations because he admitted to ordering the photographs. (*Id.*) Plaintiff complains that he was found guilty of the rule violations "without having any actual rule violation presented to him." (*Id.*) Plaintiff further alleges that the RIB was biased against him because one of its members, Sgt. Simmons, stated during the hearing: "Leave them fucking kids alone." (*Id.*) As punishment, Plaintiff was "denied use of telephones and email for 30 days and the loss of 3 commissary privileges." (*Id.*)

Plaintiff also alleges that he filed an informal complaint with CCI about the ten photographs "withheld under DRC form 4225." (Compl. at 4.) CCI's response to the informal complaint stated that "staff have been directed to follow policy 75-MAL-02, [and] handle these items as minor contraband." (*Id.*) This response was late, Plaintiff contends. (*Id.*) And on the same day that he received the response, Plaintiff alleges that he also received "a correct notice of withholding form DRC 4147" for the ten photographs. (*Id.*)

Plaintiff outlines in his Complaint the relevant Ohio Department of Rehabilitation and Corrections (ODRC) regulations, which are codified in the Ohio Administrative Code (O.A.C.). Under O.A.C. § 5120-9-19(A), "printed materials" means "any publication, document or record including, but not limited to, the following: Newspapers, magazines, pamphlets, books, photographs, drawings, and prerecorded magnetic audiotapes." O.A.C. § 5120-9-19(A). Printed materials are subject to security inspection and review by the institution. *Id.* § 5120-9-19(B)(1). And under O.A.C. § 5120-9-19(C), the institution may exclude printed materials if they are "deemed to be detrimental to, or to pose a threat to the rehabilitation of inmates; the security of the institution; or, the good order or discipline of the institution." *Id.* § 5120-9-19(C). Excludable

2

material includes "sexually explicit material that by its nature or content poses a threat to the rehabilitation of inmates, the security, good order, or discipline of the institution, or facilitates, or encourages criminal activity." *Id.* § 5120-9-19(C)(6).

ODRC Policy 75-MAL-02 clarifies the application of these regulations. And as relevant here, the policy provides guidance on the permissibility of receiving "nude photographs," which are

> snapshots, photos, photocopied or digitally produced pictures, etc. of an adult, child, or infant who is nude or partially nude above or below the waist and is displaying breasts, buttocks, or genitals. It does not include magazines, calendars or other professionally produced materials intended for commercial distribution. Such commercial materials do remain subject to review under the procedures for withholding printed materials.

ODRC Policy 75-MAL-02, at 1–2. The possession of nude photographs, the policy states, "constitutes a threat to the security, order, and discipline of our institutions[,] is disruptive to institutional operations[,] and is detrimental to the objectives of rehabilitation of inmates. Therefore, inmates are not permitted to receive nude photographs." *Id.* at 5. The policy indicates that "[n]ude personal photographs may be handled as minor contraband" but that material "that does not meet the definition of 'nude personal photographs' is subject to review and withholding" pursuant to O.A.C. § 5120-9-19(C), which, as noted above, describes the types of materials that the institution may exclude.

**B.    Procedural Background**

Plaintiff is suing CCI and several of the institution's employees—Charlotte Jenkins (the Warden), Ms. Hamilton (the Warden's Assistant), Sandra Furniss (a mail room employee), and Sgt. Simmons (a corrections officer and member of the RIB)—for their alleged violation of his First, Eighth, and Fourteenth Amendment rights. (Compl. at 1–2, ECF No. 7.) Plaintiff is suing the individual Defendants only in their official capacities. (*Id.* at 2.) He seeks (i) a declaration

3

that Defendants' actions were unconstitutional; (ii) the removal of the conduct report from his institutional record; (iii) an order directing Defendants to properly enforce the ODRC's mail policy; (iv) fees and costs under 42 U.S.C. § 1988; and (v) any other award or relief that the Court finds justified. (*Id.* at 6.) Plaintiff brings this action pro se and in forma pauperis. (R. & R. at 1, ECF No. 8.)

The Magistrate Judge conducted an initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2). The Magistrate Judge interpreted the Complaint as raising (1) due process claims and (2) a First Amendment retaliation claim. (R. & R. at 4, 6.) The due process claims are not cognizable, the Magistrate Judge concluded, because Plaintiff's punishment for the purported rule violations—the loss of telephone, email, and commissary privileges—was not sufficient to implicate a constitutionally protected liberty interest and because Plaintiff has no constitutionally protected right to an effective grievance procedure. (*See id.* at 5–6.) The Magistrate Judge concluded that the First Amendment retaliation claim fails because Plaintiff has not adequately pleaded that Defendants retaliated against him and that the punishments he suffered were motivated, at least in part, by his decision to order the photographs. (*Id.* at 6–7.) For these reasons, the Magistrate Judge recommended that the Court dismiss Plaintiff's claims. (*Id.* at 1, 7.)

Plaintiff now objects to this recommendation. (Obj. at 1–2, ECF No. 9.)

## II.

### A. Legal Standard

If a party objects within the allotted time, the district court must make a de novo determination of those portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see United States v. Curtis*, 237 F.3d 598, 602–

03 (6th Cir. 2001). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

When conducting an initial screen under 28 U.S.C. § 1915(e)(2), courts apply the same standard that they use when considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Ransom v. Owens-Illinois, Inc.*, No. 2:14-cv-1845, 2014 WL 7184412, at *1 (S.D. Ohio Dec. 16, 2014). Under Rule 12(b)(6), a court will dismiss an action that fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Such an action will be dismissed where "there is no law to support the claims made" or where "the facts alleged are insufficient to state a claim." *Stew Farm, Ltd. v. Nat. Res. Conservation Serv.*, No. 2:12-cv-299, 2013 WL 4517825, at *3 (S.D. Ohio Aug. 26, 2013) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)). When deciding a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's well-pleaded factual allegations as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). The Court may consider the complaint and any attached exhibits, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss as long as the exhibits are referenced in the complaint and are central to the plaintiff's claims. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

A complaint will survive a motion to dismiss if it contains sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint will not "suffice if it tenders

'naked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (quoting *Twombly*, 550 U.S. at 557). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When, as here, a litigant proceeds pro se, the Court construes his pleadings liberally and holds them to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). This does not mean though that a pro se litigant can ignore "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**B.     Due Process Claims**

Plaintiff first objects to the recommendation that his due process claims be dismissed. (Obj. at 1–2, ECF No. 9.) Plaintiff reiterates that he was not told which rule he violated by ordering the Nudist Lifestyle photographs. (*Id.* at 1.) And Plaintiff insists that the ten withheld photographs were processed incorrectly because, despite coming from a publisher, they were treated as minor contraband rather than printed materials. (*See id.*) These arguments fail to salvage Plaintiff's due process claims.

A prisoner claiming a due process violation under the Fourteenth Amendment must demonstrate that he has been deprived of a liberty or property interest by arbitrary governmental action. *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995). A prisoner only has a constitutionally protected liberty interest—and, thus, can only contend that he was deprived of due process—in two situations: (1) when the prisoner's terms of imprisonment are altered and (2) when a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary

6

incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see Rowe v. Ward*, No. 4:16-cv-P39, 2016 WL 3875954, at *2 (W.D. Ky. July 13, 2016).

Here, Plaintiff was punished with the loss of telephone and email use for thirty days and the loss of three commissary privileges. (Compl. at 4, ECF No. 7.) In his Objection, Plaintiff clarifies that this punishment resulted in "disconnection from family for [thirty days] and a tarnishment of i[n]stitutional record which directly affects housing, security level, and future parole hearings." (Obj. at 2.) But temporary loss of communication and commissary privileges and generalized harm to an institutional record did not alter Plaintiff's terms of imprisonment or constitute an atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life. *See, e.g., Alexander v. Vittitow*, No. 17-1075, 2017 WL 7050641, at *3 (6th Cir. Nov. 9, 2017) ("The sanction imposed for Alexander's misconduct charge—thirty days' loss of privileges—did not implicate a protected liberty interest because it did not affect the length of his sentence and did not amount to an atypical and significant hardship."); *Rowe v. Ward*, No. 4:16-cv-P39, 2016 WL 3875954, at *3 (W.D. Ky. July 13, 2016) ("Plaintiff's loss of phone privileges for one week is . . . not an 'atypical and significant hardship' under the *Sandin* analysis."); *Parks v. Anderson*, No. 6:10-355, 2014 WL 4854570, at *34 (E.D. Ky. Sept. 29, 2014) ("[A] prisoner does not have a constitutional right to commissary or telephone privileges."); *Polston v. Shartle*, No. 09 CV 2896, 2010 WL 2044867, at *3 (N.D. Ohio May 21, 2010) ("Petitioner's infraction resulted only in the temporary loss of telephone, visitation and commissary privileges, none of which implicate a protected liberty interest."). And consequently, irrespective of whether the photographs were processed correctly or whether Plaintiff was told which rule he allegedly violated, Plaintiff's due process claims fail because they do not implicate a constitutionally protected liberty interest.

## C. First Amendment Retaliation Claim

Plaintiff also objects to the recommendation that his First Amendment retaliation claim be dismissed. (Obj. at 2, ECF No. 9.) Plaintiff contends that he did not violate the mail policy and that his punishment was motivated, at least in part, by his decision to order the photographs. (*Id.*) Plaintiff asserts that Defendants' retaliation is evidenced by him being punished even though "no rule or policy was violated." (*Id.*) These arguments have merit.

A First Amendment retaliation claim has three elements: (1) the plaintiff engaged in constitutionally protected speech or conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in the protected speech or conduct; and (3) there is a causal connection between the first two elements—that is, the adverse action was motivated at least in part by the plaintiff's protected speech or conduct. *Dye v. Office of the Racing Comm'n*, 702 F.3d 286, 294 (6th Cir. 2012).

Plaintiff alleges that he did not violate the institution's mail policy and that Defendants concocted the purported rule violations as a pretext to punish him for his engagement in First Amendment protected conduct (i.e., ordering Nudist Lifestyle photographs). (*See* Compl. at 4–5, ECF No. 7.) Ordering the photographs did not violate any rules, Plaintiff alleges, because the photographs "were commercially produced and distributed and mailed directly from the publisher." (*Id.* at 4.) Although "[n]ude personal photographs" are treated as minor contraband under ODRC Policy 75-MAL-02, "professionally produced materials intended for commercial distribution" are not. (*Id.* at 3.) Professionally produced materials, such as the Nudist Lifestyle photographs, are subject to review and withholding under the general printed material policy, O.A.C. § 5120-9-19(C). (*See id.*) And the withholding of printed material under that policy does not generate a conduct report or disciplinary proceedings, Plaintiff alleges. (*See id.* at 4.)

8

Construing these allegations in the light most favorable to Plaintiff, the Court can plausibly infer that Defendants punished Plaintiff not for violating institutional rules but, rather, for engaging in constitutionally protected conduct.[1]

In concluding that Plaintiff's First Amendment retaliation claim survives the initial screen under 28 U.S.C. § 1915(e)(2), the Court expresses no opinion on the merits of any additional arguments, not addressed here, that Defendants might raise in a motion to dismiss. Nor is the Court's conclusion a determination that Plaintiff has a constitutional right to receive any type of pornographic image. *Cf. Ward v. Jones*, 64 F. App'x 422, 424 (6th Cir. 2003) ("A prisoner's right to receive mail may be limited by policies that are 'reasonably related to legitimate penological interests.'" (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987))). The photographs at issue are not attached to the Complaint, and, consequently, the Court did not review them in conducting the initial screen. Whether Plaintiff has a constitutional right to receive the photographs he ordered and whether Defendants retaliated against Plaintiff for ordering those photographs are issues of fact that will need to be resolved through summary judgment or at trial after the parties have developed the record in this case. *Cf. Thomas v. Croft*, No. 2:10-cv-74, 2010 WL 4809227, at *2 (S.D. Ohio Nov. 18, 2010) ("'[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.' [*Turner*, 482 U.S. at 89.] The four factors to be considered in making a reasonableness determination include (1) whether the governmental objective underlying the regulation is legitimate and neutral; (2) whether the regulation is

---

[1] Although Plaintiff challenges the result of a prison disciplinary hearing, Plaintiff's First Amendment retaliation claim is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because the claim does not raise any implication about the validity of Plaintiff's underlying conviction or the duration of Plaintiff's sentence. *See Muhammad v. Close*, 540 U.S. 749, 751, 754–55 (2004); *see also Taylor v. Lantagne*, 418 F. App'x 408, 411 (6th Cir. 2011) (permitting a First Amendment retaliation claim to proceed where the prisoner "sought expungement of disciplinary time, which would not affect the fact or duration of his confinement").

rationally related to that objective; (3) whether inmates have alternative means of exercising the right; and (4) the impact that accommodation of the right will have on the prison's inmates and guards.").

### III.

For these reasons, the Court **OVERRULES IN PART** and **SUSTAINS IN PART** Plaintiff's Objection (ECF No. 9). Plaintiff's due process claims are **DISMISSED**, but his First Amendment retaliation claim may proceed.

**IT IS SO ORDERED.**

4-23-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**